IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ABDUL-HAQQ SHABAZZ,  :
:
    Plaintiff, :
:
  v. : Civil Action No. 20-1778-RGA
:
PEPPER HAMILTON, LLP, et al., :
:
    Defendants. :

---

Abdul-Haqq Shabazz, Sussex Correctional Institution, Georgetown, Delaware.
Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

July 7, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Abdul-Haqq Shabazz, an inmate at Sussex Correctional Center in Georgetown, Delaware, filed this action on December 29, 2020 pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

Plaintiff states that he is totally blind. (D.I. 1 at 25). He states that his claims pertain to his "lack of access to courts to address multiple cases." (*Id*.). Plaintiff refers to ten different cases filed beginning in 1975, names 50 Defendants, and alleges that "due to his lack of access to court as a result of [his blindness] the claims [he] discuss[es] should be afforded all privileges of tolling." He alleges he did not have counsel or assistance in prosecuting his claims which further prevented his ability to access the courts. The Complaint was received the by Court on December 29, 2020 and docketed the same date. Plaintiff seeks compensatory and punitive damages, declaratory relief, summary judgment and exemplary punishment. (*Id*. at 45). Plaintiff also requests counsel. (*Id*.).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

1

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

2

plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

Plaintiff alleges denial of access to the courts. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An

3

actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher,* 536 U.S. at 415.

The Complaint will be dismissed for several reasons. First, the Complaint fails to allege an actual injury as required to state an access to the courts claim. In addition, it is clear in reading the Complaint that most of the claims are barred the two-year statute of limitation period. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Dates mentioned in the Complaint include 1975, 1978, 1979, 2004, 2005, 2013, 2014. To the extent Plaintiff seeks to raise claims under § 1983, many of the Defendants are not State actors as is required to state a claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, some Defendants have Eleventh Amendment immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Finally, the claims are deficiently pled. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement' ") (quoting *Twombly*, 550 U.S. at 555, 557). Accordingly, the Complaint will be dismissed as frivolous and for failure to state claims upon which relief may be granted.

Since it is plausible that Plaintiff may be able to articulate a claim, he will be given an opportunity to amend his pleading to cure his pleading defects. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

4

**CONCLUSION**

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous, for failure to state claims upon which relief may be granted, and based upon Defendants' immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii) and 1915A(b)(1) and (2); and (2) give Plaintiff leave to file an amended complaint.

An appropriate order will be entered.