IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABDUL-HAQQ SHABAZZ, | : |
|     Plaintiff, | : |
|     v. | : Civ. No. 20-1778-RGA |
| PEPPER HAMILTON, LLP, et al., | : |
|     Defendants. | : |

### MEMORANDUM ORDER

At Wilmington, this 5th day of November, 2021 having considered Plaintiff's combined motion for an extension of time and request for counsel (D.I. 15);

IT IS ORDERED that: (1) Plaintiff's motion for an extension of time is GRANTED; (2) Plaintiff shall file an amended complaint on or before January 5, 2022; the failure to do so will result in the closing of the case; and (3) Plaintiff's request for counsel (D.I. 15) is DENIED without prejudice.

Plaintiff Abdul-Haqq Shabazz, an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7).

Plaintiff was given until on or before October 29, 2021, to file an amended complaint. (D.I. 14). He advises the Court that he was hospitalized on numerous occasions in September and October and, therefore, needs additional time to file an amended complaint. Plaintiff's motion for an extension of time will be granted.

Plaintiff seeks counsel "for the sake of saving [] time and expense in litigating" this matter. Plaintiff explains that he is blind and he is not provided institution assigned assistance. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at

---

[1] See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

I have reviewed the docket in this case as well as Plaintiff's filings in this and other cases. In one of his other cases, No. 16-570, I appointed counsel early in the case when I saw the need. (No. 16-570, D.I. 10 & 11). When appointed counsel withdrew, I appointed another counsel. (*Id.*, D.I. 91 & 92). Those counsel are poised to try that case in January 2022. This case, though, is unlike No. 16-570. Here, I am unconvinced that Plaintiff has any claim that has arguable merit in fact or law. (See D.I. 9 & 10). Thus, I do not think Plaintiff has met the threshold for considering appointment of counsel at this time. Therefore, the Court will deny Plaintiff's request for counsel without prejudice.

                                                                                      /s/ Richard G. Andrews
                                                                   UNITED STATES DISTRICT JUDGE