IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ABDUL-HAQQ SHABAZZ,    :
            :
  Plaintiff,       :
            :
    v.        : Civ. No. 20-1778-RGA
            :
PEPPER HAMILTON, LLP, et al.,  :
            :
  Defendants.    :

## MEMORANDUM ORDER

At Wilmington, this 11th day of January, 2022;

IT IS ORDERED that (1) Plaintiff's request for counsel (D.I. 17) is **DENIED**
without prejudice; (2) Plaintiff shall file an amended complaint on or before February 28,
2022; the failure to do so will result in the closing of the case; and (3) there will be no
further extensions.

Plaintiff, an inmate at Sussex Correctional Institution in Georgetown, Delaware,
seeks counsel on the grounds that his complaint must be liberally construed, I was
involved in a prior lawsuit filed by Plaintiff, Plaintiff is involved in a different case that is
schedule to start trial on January 18, 2022,[1] and Plaintiff has no one to assist him with
his case.   (D.I. 17).   I previously denied a request for counsel on November 5, 2021.
(See D.I. 16).

---

[1] The trial date in that case has been continued.   *See Shabazz v. Delaware Dep't of
Correc.*, Civ. A. No. 16-570-RGA at D.I. 225 (D. Del.).

1

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.   *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).   However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.   *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.   Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include:   (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.   The list is not exhaustive, nor is any one factor determinative.   *Tabron*, 6 F.3d at 157.

Plaintiff is a blind elderly prisoner. He has no pending complaint, as I dismissed the complaint he filed for three reasons, including that some of the claims were frivolous, some of the claims were against defendants who were immune from suit, and some of the claims did not state a claim.   (D.I. 10).   I gave him leave to amend.   There has been no amended complaint, but Plaintiff has requested more time (D.I. 13, D.I.

2

15), which I granted him.   I know from other litigation he has that he has been ill.   But the second extension of time has run out, and there has been no amended complaint. Instead, at the deadline, he filed a document styled, "In response to: Memorandum Order."   (D.I. 17).

In that pleading, Plaintiff again requests appointment of counsel.   The threshold issue for appointment of counsel is that there be a claim that has arguable merit in fact and law.   Right now, Plaintiff does not meet that requirement.   There are no pending claims, as I have dismissed them all.

I also note from the record as a whole that it may be the case that Plaintiff's main desire is to file a claim for legal malpractice against the lawyers I appointed to represent him in another case.   (*See* in particular D.I. 11).   If this is the claim, it is doubtful that I would even have original jurisdiction over the claim, as it is a state law claim and would require diversity of citizenship.   Plaintiff is certainly a citizen of Delaware.   There are no allegations about the citizenship of the law firm and its lawyers, at least some of whom are members of the Delaware Bar.   But, even assuming that a malpractice claim could be stated, it is extremely unlikely I would appoint Plaintiff a lawyer for a tort suit such as a legal (or medical) malpractice claim.   Most individuals who bring represented medical or legal malpractice claims do so on a contingency basis.   It is one thing to appoint a lawyer to represent Plaintiff if he has a section 1983 or other federal claim. But if Plaintiff cannot obtain a lawyer who is willing to represent him on a contingency basis for a state law claim of the kind that is usually handled in state court on a

3

contingency basis, there is little to no reason why I should seek to use the limited resources available through the CJA panel to do that.

I also note Plaintiff's requests for various orders directing the prison to change the rules for Plaintiff, including assigning him an assistant and to allow him to select an individual outside the prison to handle his typing and to act on his behalf.   (D.I. 17 at 4). In essence, Plaintiff asks the Court to involve itself in the administration of a state prison.   Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."   *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).   The federal courts are not overseers of the day-to-day management of prisons, and I will not interfere with the Department of Correction by ordering it to provide Plaintiff with the special treatment he seeks.

Accordingly, the Court will deny without prejudice Plaintiff's request for counsel and will give him one final extension to file an amended complaint.

UNITED STATES DISTRICT JUDGE

4